**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TANITA SHEREE WOODS,

        Plaintiff,

vs.	Case No. 3:14-cv-788-J-34JRK

YALE MORTGAGE CORPORATION,

        Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

### I. Status / Background

This cause is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 2), filed July 7, 2014, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 7), filed December 18, 2014, that the Court collectively construes as a Motion to Proceed In Forma Pauperis ("Motion").

On July 7, 2014, Plaintiff initiated this case by filing a Complaint (Doc. No. 1) that named "Yale Mortgage," a mortgage lender, as the defendant. The sole factual allegations in the Complaint, however, seemed to disagree with various rulings of a state circuit court. According to Plaintiff, the "circuit court abused its discretion by not conducting an evidence hearing, dismissing the pleadings of fraud misconduct and irregularity of foreclosure process";

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida ("Local Rule(s)"), within fourteen (14) days after service of this document. Failure to file timely objections waives a party's right to de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a); see also Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2013).

also, Plaintiff contended that "[t]he court was misled on mtge pmts that were made, document signatures in question (mtge assignment and allonge) not acting in good faith[.]" Complaint at 2.[2] As relief, Plaintiff asked that the "judg[]ment of foreclosure [be] set aside due to the appellee fraud on the trial court" and asked for $250,000 in damages due to her being a "victim of predatory lending practices[.]" Id.

An initial review of the Complaint showed that it appeared subject to dismissal based upon the Rooker-Feldman doctrine[3]; therefore, on October 24, 2014, the undersigned entered an Order (Doc. No. 3) advising Plaintiff of the deficiencies in the Complaint, taking under advisement Plaintiff's request to proceed in forma pauperis, and directing Plaintiff to either file an amended complaint or pay the $400.00 filing fee no later than November 24, 2014 to proceed with this action. When Plaintiff failed to timely respond, on December 2, 2014, the undersigned entered an Order to Show Cause (Doc. No. 4) directing Plaintiff to show cause by December 18, 2014 why it should not be recommended that this matter be dismissed without prejudice for failure to prosecute. Plaintiff was also directed to comply with the October 24, 2014 Order by December 18, 2014. Id.

Plaintiff timely responded to the Order to Show Cause by filing a "Response to Order to Show Cause" (Doc. No. 5; "Response"); the Amended Civil Complaint (Doc. No. 6); and

---

[2] Citations to the Complaint are to the pagination assigned by the Court's electronic filing system.

[3] See Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983).

the Long Form Affidavit of Indigency (Doc. No. 7)[4] on December 18, 2014.  Plaintiff explains in the Response that she has not been receiving her mail "[d]ue to the foreclosure, eviction, sale and vacancy of [her] property" and the "U.S. Mail inconsistently responding to the temp change and hold of mail[.]" Response at 1.  While the Court will permit Plaintiff's requested extension and consider her Amended Complaint, Plaintiff is advised that it is her responsibility to maintain a current address with the Clerk of Court and to comply with all deadlines imposed by the Court.

In the Amended Complaint, Plaintiff states she is bringing a cause of action against "Yale Mortgage Corporation" for a violation of the "RICO Act[.]" Am. Compl. at 3.[5]  When asked for a statement of the claim by the form Plaintiff used for drafting her Amended Complaint, Plaintiff simply states that Defendant "[v]iolated the RICO Act." Id. at 4.  As damages, Plaintiff seeks for the Court to "[a]ward inherited property and award [$]300[,]000 in damages[.]" Id.  In the space for additional information, Plaintiff states:

> Whether the circuit courts [sic] abused its discretion by not conducting an evidence hearing when it dismissed the pro se pleadings, alle[]ged fraud, [m]isconduct and irregularity in the foreclosure process that resulted in the September 7, 2007 Final Summary Judg[]ment of Foreclosure and its Amendment of [S]eptember 21, 2012.

Id.

---

[4]   Plaintiff filed this Long Form Affidavit of Indigency even though the Court did not require her to do so in the October 24, 2014 Order.

[5]   Citations to the Amended Complaint are to the pagination assigned by the Court's electronic filing system.

## II.  Discussion

The Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security.  28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary.  See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted).  While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted).  Here, it appears from the Motion that Plaintiff may be financially unable to pay the filing fee.

The Court, however, must dismiss the case sua sponte if, at any time, it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "In addition, a district court may sua sponte consider subject matter jurisdiction at any stage in the litigation and must dismiss a complaint if it concludes that subject matter jurisdiction is lacking."  Jackson v. Farmers Ins. Group/Fire Ins. Exch., 391 F. App'x 854, 856 (11th Cir. 2010) (unpublished) (citations omitted).  Pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  Nevertheless, a court is under no duty to "re-write" a plaintiff's

complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Rooker-Feldman doctrine is a jurisdictional rule that precludes lower federal courts from reviewing state court judgments, Nicholson v. Shafe, 558 F.3d 1266, 1270 (11th Cir. 2009), "no matter how erroneous or unconstitutional the state court judgment may be," Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (quotation and citation omitted). Indeed, "the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Brokaw, 305 F.3d at 664 (citation and quotation omitted); see also Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1262 (11th Cir. 2012) (citations omitted). "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam) (quotations and citation omitted). If a claim is barred by the Rooker-Feldman doctrine, the federal district court in which it is brought lacks subject matter jurisdiction. Alvarez, 679 F.3d at 1264 (concluding that "Rooker-Feldman barred the [district] court from exercising subject-matter jurisdiction over the claim").

The Rooker-Feldman doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). In deciding whether the Rooker-Feldman doctrine to applies to bar jurisdiction in federal court, the court "must first determine whether the state court 'rendered judgment before the district court proceedings commenced.'" Cormier v. Horkan, 397 F. App'x 550, 552 (11th Cir. 2010)

(unpublished) (quoting Nicholson, 558 F.3d at 1274). Next, the court must "determine whether a plaintiff is a state-court loser who is complaining of injuries caused by state-court judgments." Id. at 552-53 (citing Exxon-Mobil, 544 U.S. at 284). In making this determination, the court examines "whether the plaintiff's claims are 'inextricably intertwined' with the state court judgment." Id. at 553 (quoting Casale, 558 F.3d at 1260). "'A claim is inextricably intertwined if it would effectively nullify the state court judgment or it succeeds only to the extent that the state court wrongly decided the issues.'" Id. (quoting Casale, 558 F.3d at 1260).

Here, Plaintiff's Amended Complaint falls squarely within the scope of the Rooker-Feldman doctrine's jurisdictional bar. Consequently, the Amended Complaint is due to be dismissed as frivolous because the Court does not have subject matter jurisdiction over Plaintiff's claims. See Jackson, 391 F. App'x at 856-57 (affirming district court's dismissal of a complaint as frivolous pursuant to Section 1915 when the lawsuit was barred by the Rooker-Feldman doctrine). Although Plaintiff names a mortgage lender as the defendant and claims she is bringing a cause of action based upon "the RICO Act," her focus in the Amended Complaint is "[w]hether the circuit court[] abused its discretion by not conducting an evidence hearing" prior to entering final judgment. Am. Compl. at 4. As relief, Plaintiff wants the Court to "[a]ward inherited property" as well as monetary damages. Id. Accordingly, it appears that Plaintiff filed this action after state court proceedings concluded, and Plaintiff is an apparent state-court loser who is complaining of injuries caused by a state-court judgment. The claim in this lawsuit is inextricably intertwined with the state-court judgment. And, to the extent Plaintiff now invokes "the RICO Act," she makes no factual allegations to support such a

claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)) (stating "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").

For the foregoing reasons, Plaintiff's Amended Complaint is barred by the Rooker-Feldman doctrine and is appropriately dismissed for lack of subject matter jurisdiction and as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Alternatively, to the extent Plaintiff invokes "the RICO Act," she fails to state a viable claim and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, it is

**RECOMMENDED THAT**:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. No. 2), filed July 7, 2014, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. No. 7), that the Court collectively construes as a Motion to Proceed In Forma Pauperis, be **DENIED**.

2. This case be **DISMISSED without prejudice** for lack of subject matter jurisdiction, or alternatively for failure to state a claim.

3. The Clerk be directed to terminate all pending motions and to close the file.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on February 17, 2015.

James R. Klindt<br>
JAMES R. KLINDT<br>
United States Magistrate Judge

kaw
Copies to:

Honorable Marcia Morales Howard
United States District Judge

Pro se party